GARDEN, JUDGE:
At about 6:00 p.m. on March 4,1979, the claimant parked his 1971 Pontiac automobile in front of a residence at 930 South Henry Avenue in Elkins, West Virginia. He left the key in the ignition switch and went into the residence at the above-mentioned address to visit his girlfriend and her parents. He remained in the residence for about ten minutes, and, upon emerging from the residence, he found that his car was missing. It was later determined that two young boys, Sam Saum and Kenneth Wilson, aged 15 and 14 respectively and both residents of the West Virginia Children’s Home in Elkins, had stolen the car. After stealing the car, they were involved in an accident in Elkins. Young Saum became frightened and returned to the home, but young Wilson thereafter drove the car to Morgantown. There, it was involved in another accident which totally demolished the car. Claimant was of the opinion that the car had a fair market value of $1,500.00, and seeks an award on the basis of negligence on the part of employees of the respondent at the West Virginia Children’s Home.
No evidence was introduced with respect to why these two young boys were on the streets of Elkins on the evening in question. Their absence from the Home, in and of itself, does not constitute proof of negligence on the part of the respondent. In addition, the negligence of the claimant in leaving his ignition key in the switch would appear to the Court to be the proximate cause of the damage to the claimant’s automobile. Keys were left in the car in the recently-decided claim of LePera v. Dept. of Corrections, issued on October 31, 1979, wherein Judge Ruley used the following language in disallowing the claim:
“The Court is of the opinion that negligence on the part of the respondent’s supervisors has not been proved. Even if such negligence had in fact been established, it would not be *94 considered the proximate cause of the damage to the claimants’ vehicle. Claimant Dixie Lee LePera testified that the keys had been left in the vehicle that evening. This negligent act on behalf of the claimants, in leaving the vehicle ready for any passer-by to convert to his own use, would be the proximate cause of any subsequent harm done to the vehicle.”
For the reasons expressed herein, this claim must be disallowed.
Claim disallowed.